UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WYETH HALL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### I.   COLLECTIVE ACTION COMPLAINT

Plaintiff Wyeth Hall, through his undersigned counsel, individually, and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendant Amazon.com Services, LLC ("Amazon" or "Defendant") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### II.   INTRODUCTION

1. Amazon is an American multinational technology company and the world's largest online retailer and marketplace. "Amazon's mission is to be Earth's most customer-centric company," and to that end, Defendant utilizes Customer Service Associates "to prevent, solve problems and delight our customers." *See* Amazon Customer Service

COLLECTIVE ACTION COMPLAINT - 1
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

1 https://www.amazon.jobs/en/business_categories/amazon-customer-service (last visited July 11, 2023).

2. This case is about Defendant's failure to comply with applicable wage and hour laws and to pay remote Customer Service Associates all wages owed—including overtime—for work performed in booting up their computers and logging into multiple applications each day, which was integral and indispensable to their jobs as virtual Customer Service Associates.

### III. JURISDICTION AND VENUE

3. This action arises under the FLSA, 29 U.S.C. §§ 201-219. As a federal law claim, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant resides, maintains its principal offices, and/or conducts business in this Judicial District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this Judicial District.

### IV. PARTIES

5. Plaintiff Wyeth Hall is a citizen of Oklahoma and resides in Tulsa, Oklahoma. Plaintiff Hall worked for Amazon as a remote Customer Service Associate from his home in Oklahoma from April 2020 until November 2020. Pursuant to 29 U.S.C. § 216(b), Plaintiff Hall has consented to be a plaintiff in this action. *See* Ex. A.

6. Defendant Amazon.com Services, LLC is a Delaware company with principal offices located at 410 Terry Avenue North, Seattle, Washington, which operates throughout the United States, including in this Judicial District.

7. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or associates, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of the Defendant.

8. During times relevant, Plaintiff was an employee of Defendant and was covered by the FLSA.

COLLECTIVE ACTION COMPLAINT - 2
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

9. Defendant is an employer covered by the FLSA.

10. Defendant employs individuals, including virtual Customer Service Associates, in Oklahoma and other states across the United States.

11. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

12. Defendant's annual gross volume of sales exceeds $500,000.

## V.   COLLECTIVE DEFINITION

13. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action, individually, and on behalf of the following collective:

> All current and former virtual hourly-paid Customer Service Associates who were employed by Amazon in the United States in the past three years and who worked more than forty (40) hours in at least one workweek (the "FLSA Collective").

14. Plaintiff reserves the right to redefine the FLSA Collective before notice or certification, and thereafter, as may be warranted or necessary.

## VI.   FACTS

**A.   The Nature of Plaintiff's and Other Customer Service Associates' Work**

15. Amazon is the world's largest online retailer and one of the largest businesses engaged in the interstate shipment of goods in the United States.

16. Amazon holds itself out as a company able to transport goods across the United States to customers in a short time period.

17. Amazon utilizes Customer Service Associates, such as Plaintiff, to serve as the first point-of-contact for customers to answer questions and resolve issues regarding their orders.

18. The nature of the work performed by virtual Customer Service Associates is similar and standardized, as the nature of the work is centrally controlled and directed by Defendant.

19. Plaintiff worked as a virtual Customer Service Associate for Defendant from April

COLLECTIVE ACTION COMPLAINT - 3
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

2020 through November 2020.

20. To ensure prompt service to Amazon's customers, Defendant employs hundreds of other virtual Customer Service Associates across the United States. Plaintiff estimates that Defendant employs between 800 and 2,000 virtual Customer Service Associates.

21. Plaintiff's typical job duties included providing support to customers, drivers, and shippers to ensure efficient delivery of orders; answering telephones; and assisting customers with such issues as providing refunds, information on items for sale, returns, exchanges, locating packages, and issues with Amazon's online marketplace.

22. Defendant classified Plaintiff as a non-exempt hourly employee.

23. Plaintiff earned $15 per hour and was expected to work between forty (40) and sixty (60) hours per week.

24. Plaintiff worked a full-time schedule of at least forty (40) hours per week. Many weeks Plaintiff worked between 2-4 hours of overtime each week as Defendant required in order to meet Defendant's customer service needs during busy holiday seasons.

25. For every shift Plaintiff worked, Defendant required Plaintiff to complete off-the-clock work without compensation.

26. At all times during the relevant period, Plaintiff began his shift by booting up his computer, and then logging into three different programs that Defendant required virtual Customer Service Associates to use to securely access Amazon's network and commence their work (the "Boot-Up Process"). The programs required Plaintiff to input codes from an external application and three distinct sets of passwords. Only after logging into these various programs could Plaintiff clock-in on Defendant's timekeeping software.

27. Plaintiff estimates that the time it took him to complete the Boot-Up Process, from starting his computer to clock-in, would range from ten (10) to twenty (20) minutes, depending on whether he encountered any access issues, had to contact IT, or needed to change passwords.

28. Additionally, because Defendant required Plaintiff to log-out of these programs for his meal breaks, Plaintiff performed an additional two (2) to five (5) minutes of off-the-clock work

COLLECTIVE ACTION COMPLAINT - 4
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

1    per shift when returning from meal breaks and logging back into the programs before being able
2    to clock-in on Defendant's timekeeping software. Plaintiff spent less time logging in following
3    meal periods because Plaintiff could remain logged into some programs and did not have to fully
4    boot up his computer as he did each morning.

5      29. Plaintiff estimates that his off-the-clock work, which included booting up his
6    computer and logging into the various network and security programs, totaled between 60 - 125
7    minutes of uncompensated time each week.

8      30. Plaintiff was not compensated for this time because Defendant only allowed
9    Plaintiff to clock-in for purposes of his pay after he completed the full Boot-Up Process.

10     31. The Boot-Up Process was integral and indispensable to Plaintiff's work as a virtual
11   Customer Service Associate.

12     32. The Boot-Up Process was integral because Plaintiff's customer service work
13   required him to use Amazon's customer service platform through which he answered and
14   responded to customer calls and complaints.

15     33. The Boot-Up Process was also indispensable because Amazon could not have
16   eliminated the Boot-Up Process and still maintained its network integrity and security while
17   employing virtual Customer Service Associates. Further Customer Service Associates' duties
18   could not be performed without turning on and booting up their work computers, and having a
19   functioning computer is necessary before Customer Service Associates could receive calls and
20   schedule appointments.

21     34. Defendant's security and timekeeping policies for virtual Customer Service
22   Associates were standardized and uniform.

23     35. Defendant required all virtual Customer Service Associates to boot-up and log-in
24   to multiple network and security programs before clocking in each day.

25     36. Plaintiff estimates that Defendant employed upwards of 800 other virtual Customer
26   Service Associates during his employment.

27     37. Upon information and belief, virtual Customer Service Associates, like Plaintiff,

COLLECTIVE ACTION COMPLAINT - 5
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

1 regularly worked forty or more hours per week.

2 38. Upon information and belief, Defendant failed to compensate virtual Customer Service Associates for all overtime hours worked as a result of completing the Boot-Up Process off-the-clock.

39. Plaintiff and other virtual Customer Service Associates are non-exempt for overtime purposes.

**B. Defendant Failed to Pay Customer Service Associates for All Hours Worked**

40. Plaintiff and other Customer Service Associates have regularly worked more than forty hours per week.

41. Defendant knew that Plaintiff and other Customer Service Associates regularly work forty or more hours per week.

42. Defendant failed to properly compensate Plaintiff and other Customer Service Associates for all hours worked.

43. Plaintiff or other Customer Service Associates were not paid for all hours worked in excess of forty hours in a workweek and have not been paid proper overtime premiums as a result of completing the Boot-Up Process off-the-clock.

44. Defendant did not accurately record and track all of the hours worked by Plaintiff and other Customer Service Associates and have therefore failed to compensate Plaintiff and the proposed collective action members at one and one-half times the regular rate of pay for hours worked over forty hours in a week.

45. In addition, Defendant failed to make, keep, and preserve records with respect to Plaintiff and other Customer Service Associates sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by federal and state law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

COLLECTIVE ACTION COMPLAINT - 6
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

**C.     The Failure to Properly Pay Customer Service Associates Is Willful**

46.     Defendant's actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

47.     Even though the FLSA requires overtime premium compensation for hours worked over forty hours per week, Defendant did not and does not pay Customer Service Associates, such as Plaintiff, overtime compensation for all overtime hours worked.

48.     Defendant knew, or absent its own recklessness should have known, that the Customer Service Associates are or were entitled to such overtime premiums.

49.     Defendant knew that Plaintiff and other Customer Service Associates completed the Boot-Up Process off the clock, because Defendant designed this process, required Plaintiff and other Customer Service Associates to complete it before clocking in each day, and still failed to compensate Plaintiff and other Customer Service Associates for this work.

50.     Defendant failed to pay Plaintiff and other Customer Service Associates all overtime compensation owed.

51.     By failing to pay all the compensation owed to Plaintiff and other Customer Service Associates, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

52.     Amazon is a large international company with sophisticated legal and human resources departments sufficient to inform Amazon of its obligations to pay Customer Service Associates overtime compensation for all hours worked over forty per week, including the time Customer Service Associates worked as a result of completing the Boot-Up Process off the clock.

53.     Amazon was on notice of its wage and hour obligations under the FLSA because Defendant has been sued previously for violations of wage and hour laws. *See Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1108 (E.D. Cal. 2022); *Gorie v. Amazon.com Servs., LLC*, No. 1:20-CV-01387, 2021 WL 4304281, at *1 (N.D. Ohio Sept. 22, 2021); *Thomson v. Amazon.com Servs. LLC*, No. 8:20-CV-3121-VMC-CPT, 2021 WL 1610087, at *1 (M.D. Fla. Apr. 26, 2021); *Porter v. Amazon.com Servs. LLC*, No. CV209496JVSSHKX, 2021

COLLECTIVE ACTION COMPLAINT - 7
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

WL 1536130, at *2 (C.D. Cal. Mar. 1, 2021); *Swearingen v. Amazon.com Servs., Inc.*, No. 3:19-CV-1156-JR, 2021 WL 602711, at *1 (D. Or. Feb. 16, 2021); *In re Amazon.com, Inc., Fulfillment Ctr. Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, 852 F.3d 601, 606 (6th Cir. 2017).

54. Amazon has not made good-faith efforts to comply with the FLSA and applicable state law.

### VII. COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

55. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

56. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

57. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and computer boot up procedures and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, employment, and payroll practices.

58. Specifically, Defendant failed to compensate Plaintiff for all hours worked and failed to pay overtime at one-and-a-half times the employee's regular rate as required by the FLSA for all hours worked in excess of forty per workweek.

59. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

60. Defendant employs many FLSA Collective Members throughout Washington and the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and should be

COLLECTIVE ACTION COMPLAINT - 8
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

### VIII.  CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiff and the FLSA Collective)

61. Plaintiff restates and incorporates by reference the above paragraphs.

62. Under 29 U.S.C. § 216(b), Plaintiff brings this count on behalf of himself and the FLSA Collective.

63. Because he was hired, paid, and had his work controlled by Defendant, Plaintiff and members of the FLSA Collective each qualify as an "employee" under 29 U.S.C. § 203(e)(1).

64. Defendant is an "employer" engaged in interstate commerce under 29 U.S.C. § 203(d).

65. At all relevant times, as part of Defendant's business operations, Plaintiff and members of the FLSA Collective were engaged in interstate commerce and/or in the production of goods for commerce under 29 U.S.C. § 207(a).

66. 29 U.S.C. § 207 requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

67. Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

68. As employers of Plaintiff and the FLSA Collective, Defendant suffered and permitted Plaintiff and members of the FLSA Collective to work more than forty hours per workweek within the statutory period without paying them overtime compensation required by 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

69. Defendant's actions, policies, and practices described above violated the FLSA's overtime requirement because Defendant regularly and repeatedly failed to pay required overtime compensation to Plaintiff and members of the FLSA Collective.

COLLECTIVE ACTION COMPLAINT - 9
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

70. Defendant also failed to create, keep, and preserve accurate records with respect to work performed by Plaintiff and Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

71. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

72. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and members of the FLSA Collective have suffered damages including unpaid overtime compensation. Plaintiff and the FLSA Collective are entitled to recover actual damages, liquidated damages, prejudgment interest, attorneys' fees, and costs under 29 U.S.C. § 216(b).

73. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and members of the FLSA Collective. As a result, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

C. For unpaid wages as may be owed and prejudgment interest to the fullest extent permitted under the law;

D. Liquidated and exemplary damages to the fullest extent permitted under the law;

E. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under

COLLECTIVE ACTION COMPLAINT - 10
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

the law; and

  F. Such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of August, 2023.

**FRANK FREED SUBIT & THOMAS LLP**

By: *s/ Michael C. Subit*
Michael C. Subit, WSBA No. 29189
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Phone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

Camille Fundora Rodriguez, *Pro Hac Vice Forthcoming*
Email: crodriguez@bm.net
Alexandra K. Piazza, *Pro Hac Vice Forthcoming*
Email: apiazza@bm.net
Michael J. Anderson, *Pro Hac Vice Forthcoming*
Email: manderson@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

*Attorneys for Plaintiff and the Proposed Collective*

COLLECTIVE ACTION COMPLAINT - 11
Case No.

BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620